IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA

                              CR 00-537 RE
                              CV 06-276 RE

Respondent,                   ORDER

        v.

PIEDAD BARAJAS-AVALOS,

        Defendant/Petitioner.

Petitioner, an inmate in federal custody, moves *pro se* for relief from his sentence of 360 months incarceration pursuant to 28 U.S.C. § 2255. Petitioner is represented by counsel in his Reply.

FACTUAL BACKGROUND

On October 12, 2000, a criminal complaint was filed and a search warrant was issued in this matter. Petitioner appeared at a preliminary hearing on October 16, 2000, probable cause was found and petitioner was preliminarily detained. On October 18, 2000, petitioner was released on several conditions. A narcotics related indictment was returned against petitioner on

1 - ORDER

November 8, 2000.  Petitioner's motion to suppress evidence was denied on March 12, 2001,

after a hearing.  CR 94.  Following a violation of pretrial release conditions, petitioner was

detained on September 14, 2001.  CR 140-41.  A superseding indictment was filed against

petitioner on March 13, 2002.  CR 168.  Following a four day jury trial in May 2002, petitioner

was convicted on counts 1 and 2 of the superseding indictment.  CR. 200-07.

On August 22, 2002, petitioner was sentenced to 360 months incarceration.  CR 21-23.

Petitioner appealed and the conviction was affirmed .  *United States v. Barajas-Avalos,* 377 F.3d

1040 (9th Cir. 2004) *cert. denied,* 543 U.S. 1188 (2005).  Petitioner now seeks relief under 28

U.S.C. § 2255.

## DISCUSSION

I.  Timing of the Superseding Indictment

Petitioner was arrested on October 11, 2000.  A criminal complaint was obtained the

following day, and an initial indictment charging petitioner with Conspiracy to Manufacture and

Attempt to Manufacture Methamphetamine was returned on November 8, 2000.  CR. 24.  A

superseding indictment charging petitioner with Conspiracy to Manufacture and Attempt to

Manufacture More Than 500 Grams of Methamphetamine and Manufacturing More Than 500

Grams of Methamphetamine was returned on March 13, 2002.  CR 168.

Petitioner contends that the superseding indictment was obtained in violation of the

Speedy Trial Act and that counsel was ineffective in failing to object to the superseding

indictment under Title 18 U.S.C. § 3161(b).  Section 3161(b) requires the filing of an indictment

within 30 days from the date of arrest.  However, a charge contained in a superseding indictment

which was not included in the original complaint does not violate the Speedy Trial Act.  *United*

2 - ORDER

*States v. Heldt,* 745 F.2d 1275, 1279 (9th Cir. 1984). A superseding indictment issued before the original indictment is dismissed may issue more than 30 days after the arrest. Not all charges must be filed within the 30 day period. *United States v. Gastelum-Almeida,* 298 F.3d 1167, 1173 (9th Cir. 2002). The superceding indictment contained charges not included in the original indictment. Counsel's failure to move to dismiss the superseding indictment for violation of the Speedy Trial Act was not ineffective assistance of counsel.

II. Alleged Trial Errors

    A. Testimony as to how Petitioner Came to the Attention of DEA Agents

    Petitioner contends that counsel was ineffective in failing to object to Special Agent Poikey's testimony that during another methamphetamine manufacturing investigation, petitioner's cell phone number came to his attention. Tr. 134-35. Petitioner argues that counsel should have objected to this testimony as violating the character evidence rule, FRE 404, and as unfairly prejudicial under FRE 403. Petitioner argues that admission of the testimony allowed the jury to infer that he had contact with drug dealers.

    The government argues that the evidence is admissible as it was inextricably intertwined with the facts of the case and required to allow the prosecutor to offer a coherent story regarding the commission of the crime. *United States v. DeGeorge,* 380 F.3d 1203, 1220 (9th Cir. 2004).

    Assuming, without deciding, that counsel should have objected to the testimony, petitioner's argument fails as he has not shown "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington,* 466 U.S. 668, 693 (1984). Considering all of the evidence, it is not

3 - ORDER

reasonably probable that the outcome of the trial would have been different had counsel objected to the testimony as to how petitioner came to the attention of the DEA.

B.  References to Firearms

Petitioner argues that references to firearms during the trial were prejudicial to his case and that counsel failed to request a limiting instruction.  There was testimony regarding several firearms seized during the execution of a search warrant at petitioner's residence, and references to a co-conspirator observed to be in possession of a shotgun at the lab site.

The testimony regarding firearms was admissible and counsel was not ineffective in failing to request a limiting instruction because there were charges of drug trafficking.  *United States v. Fagan,* 996 F.2d 1009, 1015 (9th Cir. 1993).

C.  Expert Testimony Regarding Methamphetamine Manufacturers

Petitioner contends that counsel improperly failed to object to inadmissible expert testimony.  Special Agent Podkowa of the DEA testified that large scale methamphetamine manufacturers do not typically allow uninvolved persons to be present at their criminal activity. Petitioner's primary defense at trial was that he was uninvolved in the methamphetamine conspiracy,  and that his nephew Mago was a primary co-conspirator and that Mago had threatened petitioner in order to obtain his cooperation.

Expert testimony is appropriate in a narcotics case to advise the jury that substantial amounts of cocaine would not have been entrusted to an unknowing dupe.  *United States v. Castro,* 972 F.2d 1107, 1111 (9th Cir. 1992) *cert. denied,* 507 U.S. 944 (1993).  Similarly, in this case, expert testimony that methamphetamine manufacturers do not typically allow the presence of uninvolved persons is allowable under FRE 702.

4 - ORDER

D. Impeachment Testimony

Petitioner asserts that trial counsel ineffectively failed to object to testimony impeaching his credibility. After petitioner testified, United States Pretrial Officer Michelle Martins was called to testify as to petitioner's truthfulness pursuant to FRE 608(a), which provides, in part, that the credibility of a witness may be attacked by evidence in the form of opinion and may refer only to character for truthfulness or untruthfulness. The jury was not told that Ms. Martins was petitioner's Pretrial Officer. Because Ms. Martins testified only her to opinion as to petitioner's character for truthfulness, it was not ineffective assistance for counsel to fail to object to the testimony.

E. Closing Argument

Petitioner argues that trial counsel ineffectively failed to object to the government's closing argument. He contends that prosecutorial misconduct occurred on two occasions when petitioner was referred to as a liar. The government's attorney reminded the jury that petitioner had untruthfully denied having firearms in his house. The jury was provided a standard instruction regarding evaluating the testimony of a witness which included a consideration of whether other evidence contradicted the witness's testimony. RT 542-43. Given the facts, petitioner's argument fails.

Petitioner contends that trial counsel was ineffective in failing to object to the closing argument regarding petitioner's truthfulness as related to the testimony of Ms. Martins. The government informed the jury that Ms. Martins offered testimony for their consideration and that the court would provide an instruction regarding how to evaluate it. RT 484-85.

A prosecutor may argue that a defendant is lying. *United States v. Sarno,* 73 F.3d 1470,

5 - ORDER

1496 (9th Cir. 1995). Counsel's failure to object to the government's credibility statements during closing argument did not constitute ineffective assistance.

    F. Mere Presence Instruction

    Petitioner argues that trial counsel was ineffective in failing to request a 'mere presence' instruction. The government appropriately points out that if the government's case is based on more than just a defendant's presence, and the jury is properly instructed as to all of the elements of the crime, a mere presence instruction is not necessary. *United States v. Megrete-Gonzales,* 966 F.2d 1277, 1282 (9th Cir. 1992).

    Here, the government offered evidence that petitioner bought large quantities of a chemical used in the production of methamphetamine on three occasions, that the bulk of the precursor materials were found in his vehicle, that he owned the property in question, that in his residence a triple-neck flask was recovered as well as a heating mantle, scales and methamphetamine, and that in a storage locker connected to petitioner other incriminating evidence was located. The jury was properly instructed as to the elements of the offenses. TR 531-553. Counsel was not ineffective in failing to request a mere presence instruction.

III. Motion to Suppress

    Petitioner argues that pre-trial counsel ineffectively argued his Fourth Amendment claim that the travel trailer at issue was a "house" protected from unreasonable search and seizure. The motion was extensively briefed and litigated, and a scale model of petitioner's property was prepared. Extensive evidence was produced regarding petitioner's dogs and the state of the trailer on the property. This court concluded that although there was an electrical junction box on the property, there was no electrical current into the trailer and no evidence that the trailer was

6 - ORDER

supplied with a source of heat or light, refrigeration, septic, or water source.  The motion to suppress was denied because the travel trailer was not a residence, and therefore the natural clearing surrounding it was not a curtilage protected against trespass by law enforcement officers.

On appeal, a closely divided Ninth Circuit concluded that no prohibited search of the trailer occurred.  *Barajas-Avalos,* 377 F.3d at 1056-57.  Petitioner does not point to any argument or evidence that counsel failed to assert.  Accordingly, petitioner's argument that counsel ineffectively argued the motion to suppress fails.

IT IS SO ORDERED.

Dated this ⎿2 day of March, 2008.

James A. Redden
United States District Judge

7 - ORDER